**EXHIBIT "A"**

# WISTROM LAW, PLLC

## K.J. Wistrom (P38235)

| | | |
|---|---|---|
| 1 E. Apple Avenue, Suite C | Muskegon, MI  49442 | wistromlaw@gmail.com |
| (231) 747-9663 | Cell: (231) 215-9578 | Fax: (231) 747-9661 |

August 10, 2020

Resident Agent
CSC-Lawyers Incorporating Service Company
601 Abbot Road
East Lansing, MI   48823

      RE:   ***DeBoef v State Farm***
             Case no. 20-002826-CK

Dear Resident Agent:

Enclosed for service upon State Farm Fire & Casualty Company are the following pleadings filed in the 14th Circuit Court for Muskegon County on July 30, 2020:

      Summons; and
      Complaint

Please contact me with any questions.

Sincerely,

*K.J. Wistrom*

K.J. Wistrom

Enclosures

# WISTROM LAW, PLLC

## K.J. Wistrom (P38235)

| | | |
|---|---|---|
| 1 E. Apple Avenue, Suite C | Muskegon, MI   49442 | wistromlaw@gmail.com |
| (231) 747-9663 | Cell: (231) 215-9578 | Fax: (231) 747-9661 |

July 30, 2019

14th Circuit Court
990 Terrace Street
Muskegon, MI   49442

     RE:   ***DeBoef v State Farm Fire & Casualty Company***
              Case no. 20- _002826_ -CK

Dear Clerk:

Enclosed for filing in this case are the following:

1. Summons;
2. Complaint; and
3. Check for $ _175_ filing fee.

Please contact me with any questions.

Sincerely,

*K.J. Wistrom*

K.J. Wistrom

Enclosures

Approved, SCAO

| Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|

**STATE OF MICHIGAN**

14th | JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** |

2020-002826-CK

CCR-SAC

NOT PROPOSED

| Court address | Court telephone no. |
|---|---|
| 990 Terrace Street                    Muskegon, MI   49442 | (231) 724-6251 |

Plaintiff's name(s), address(es), and telephone no(s).

James DeBoef
1624 S. Chatterson Road
Muskegon, MI   49442

v

Defendant's name(s), address(es), and telephone no(s).

State Farm Fire & Casualty Company
P.O. Box 106169
Atlanta, GA   30348-6169
(844) 458-4300

**JUDGE HICKS**

Plaintiff's attorney, bar no., address, and telephone no.

K.J. Wistrom (P38235)
1 E. Apple Avenue, Suite C
Muskegon, MI   49442
(231) 747-9663

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence as alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer  pending.

Summons section completed by court clerk.                    [ **SUMMONS** ]

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

07/30/2020

| Issue date | Expiration date* | Court clerk | |
|---|---|---|---|
| 07/30/2020 | 10/29/2020 | *Nancy A. Waters* | 07/30/2020<br>03:56 PM |

NANCY A. WATERS - MUSKEGON COUNTY CLERK
PROXY SIGNED BY: VO DTR

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01    (8/18)    **SUMMONS**                                    MCR 1.109(D), MCR 2.102(B), MGR 2.104, MCR 2.105

## STATE OF MICHIGAN

## IN THE 14ᵗʰ CIRCUIT COURT FOR MUSKEGON COUNTY

James DeBoef,

       Plaintiff,

                                Case no. 20-_____-CK

v.

State Farm Fire & Casualty Company,

       Defendant.

_____

K.J. Wistrom (P38235)
Attorney for Plaintiff
1 E. Apple Avenue, Suite C
Muskegon, MI   49442
(231) 747-9663

## COMPLAINT FOR BREACH OF CONTRACT AND/OR FOR SPECIFIC PERFORMANCE OF CONTRACT

NOW COMES Plaintiff, **James DeBoef** ("Plaintiff"), by and through counsel, who states

for this Complaint:

## PARTIES, JURISDICTION & VENUE

1.      Plaintiff resides in Muskegon County, Michigan.

2.      Defendant **State Farm Fire & Casualty Company** ("Defendant") is a

corporation doing business in Muskegon County, Michigan, with its principal offices located in

Bloomington, Illinois.

3.      This cause of action arose in Muskegon County, Michigan.

4.      The amount in controversy exceeds $25,000.00.

5.      This Court has subject matter jurisdiction over this Complaint which seeks both

legal and equitable relief.

1

## GENERAL ALLEGATIONS

6.    Prior to March 8, 2018 Plaintiff agreed to a contract with Defendant where Defendant would provide Plaintiff a homeowner's insurance policy coverage for residential property at 204 Buel Avenue, Muskegon Township, Muskegon County, Michigan ("The Property").

7.    At issue is Defendant's policy number 22-C5-V289-0 ("The Policy"). The Policy provided, *inter alia*, that Defendant would cover certain losses that might occur to the Property, including certain losses by fire.

8.    At all times relevant herein, the Property was owned and occupied/controlled by Plaintiff.

9.    Plaintiff paid all premiums necessary under the Policy to Defendant at times relevant to this Complaint.

10.   On or about October 2, 2018 the Property was damaged by a fire.

11.   The Policy was in effect on October 2, 2018.

12.   On or about October 3, 2018, Plaintiff notified Defendant of its losses and requested coverage for those fire damages under the Policy.

13.   Plaintiff's property was examined by Winslow Adjusting, Inc. of Mason, Michigan ("Winslow"), which was authorized by Plaintiff to appraise the fire damage and present Plaintiff's claims under the policy to Defendant.

14.   Winslow estimated the replacement cost to repair the Property to be $191,858.98 with a net claim of $162,614.00 (Exhibit 1).

15.   On August 20, 2019, Defendant's agent notified Winslow that it was rejecting Plaintiff's claim under the Policy (Exhibit 2).

16.     On November 5, 2019, Defendant's agent notified Plaintiff that it was rejecting Plaintiff's request that the parties' dispute be submitted to an appraisal (Exhibit 3).

**COUNT 1:          BREACH OF CONTRACT (DENIAL OF COVERAGE)**

17.     Paragraphs 1-16 of this Complaint are incorporated by reference as if stated here.

18.     Plaintiff and Defendant entered a contract whereby Defendant agreed to provide homeowner's insurance coverage for the Property under the Policy.

19.     The Policy included coverage for losses such as the fire damage which occurred at the Property on October 2, 2018.

20.     Defendant breached that contract in its letter of August 20, 2019 by denying the valid claim made by Plaintiff for repair and/or replacement of his damaged home.

21.     Plaintiff also is likely to suffer additional damages because:

   a. The value of the real estate itself will be harmed by the amount of time the property has sat unused while dilapidated because of the fire damage; and
   b. The Township of Muskegon may assess fines against Plaintiff as the property is not up to code, is in an unsafe condition and is an eyesore to the community.

22.     Due to this breach, Plaintiff was damaged to the extent of at least $162,614.00 but likely even a greater amount.

WHEREFORE, Plaintiff requests entry of a Judgment requiring Defendant to specifically perform all its obligations under the parties' contract to fund repairs of the Property and/or enter a Judgment against Defendant for at least $162,614.00 and costs, attorney fees and interest.

**COUNT 2:          BREACH OF CONTRACT (DENIAL OF APPRAISAL)**

23.     Paragraphs 1-22 of this Complaint are incorporated by reference as if stated here.

24.    Plaintiff and Defendant entered a contract whereby Defendant agreed to provide homeowner's insurance coverage for the Property under the Policy.

25.    The Policy included coverage for losses such as the fire damage which occurred at the Property on October 2, 2018.

26.    The policy also provided for an appraisal procedure if the valuation of damages was in dispute (section I(A)(4)).

27.    Defendant further breached that contract in its letter of November 5, 2019 by denying Plaintiff's request for an appraisal of the disputed damages.

28.    Plaintiff also is likely to suffer additional damages because:

    a.    The value of the real estate itself will be harmed by the amount of time the property has sat unused while dilapidated because of the fire damage; and

    b.    The Township of Muskegon may assess fines against Plaintiff as the property is not up to code, is in an unsafe condition and is an eyesore to the community.

29.    Due to this breach, Plaintiff was damaged to the extent of at least $162,614.00 but likely even a greater amount.

WHEREFORE, Plaintiff requests entry of a Judgment requiring Defendant to specifically perform all its obligations under the parties' contract to fund repairs of the Property and/or enter a Judgment against Defendant for at least $162,614.00 and costs, attorney fees and interest.

## COUNT 3:        EQUITABLE ESTOPPEL

30.    Paragraphs 1-29 of this Complaint are incorporated by reference as if stated here.

31.    Prior to the fire at issue and continuing through the present, Defendant accepted payments for premiums on the Policy made by Plaintiff.

32.    By accepting those premiums, an equitable estoppel was created so Defendant is estopped from denying coverage for those losses even if there is no legal breach of contract.

33.     Defendant's actions in accepting those payments for continued coverage under the Policy induced Plaintiff to believe that coverage for these losses would be provided.

34.     Plaintiff justifiably relied upon this belief in continuing to pay Defendant policy premiums for the Property.  Furthermore, Plaintiff was prejudiced by this reliance, as he could have obtained other insurance to provide such coverage but for his reliance on Defendant's continued acceptance of these payments.

35.     Plaintiff also is likely to suffer additional damages because:

    a.   The value of the real estate itself will be harmed by the amount of time the property has sat unused while dilapidated because of the fire damage; and

    b.   The Township of Muskegon may assess fines against Plaintiff as the property is not up to code, is in an unsafe condition and is an eyesore to the community.

36.     Due to this breach, Plaintiff was damaged to the extent of at least $162,614.00 but likely even a greater amount.

WHEREFORE, Plaintiff requests entry of a Judgment requiring Defendant to specifically perform all its obligations under the parties' contract to fund repair of the Property and/or enter a Judgment against Defendant for at least $162,614.00 and costs, attorney fees and interest.

Respectfully submitted,

WISTROM LAW, PLLC

Dated: July 30, 2020

K.J. Wistrom (P38235)
Attorney for Plaintiff

5

EXHIBIT # __1__



## Winslow Adjusting, LLC

Winslow Adjusting, LLC
96 W. Ash Street
Unit #96
Mason, Mi 48854

|  |  |  |  |
|---|---|---|---|
| Insured: | James DeBoef | Cellular: | (231) 329-5870 |
| Property: | 204 Buel Avenue | | |
| | Muskegon, MI 49445 | | |
| | | | |
| Claim Rep.: | Troy Winslow | Business: | (517) 819-9882 |
| | | E-mail: | troy@winslowadjusting.com |
| | | | |
| Estimator: | Troy Winslow | Business: | (517) 819-9882 |
| | | E-mail: | troy@winslowadjusting.com |

**Claim Number:** 22-6005-FO6       **Policy Number:** 22-C5-V289-0       **Type of Loss:** Fire

|  |  |  |  |
|---|---|---|---|
| Date Contacted: | 3/25/2019 | | |
| Date of Loss: | 10/2/2018 | Date Received: | 3/28/2019 |
| Date Inspected: | 3/28/2019 | Date Entered: | 4/4/2019 11:20 AM |
| | | | |
| Price List: | MIMU8X_APR19 | | |
| | Restoration/Service/Remodel | | |
| Estimate: | WA195303-DEBOEF | | |

***NOTICE:*** *This is an estimate only and not an authorization of repair. This estimate does not suggest, imply or set forth that there is any insurance coverage available under the policy, or that there is any insurance policy applicable to this loss. The Insurance Company is the only person or entity who is able and authorized to determine whether insurance coverage exists and whether any repair or payment is authorized and will be made. No adjuster or appraiser has any authority to authorize repairs or guarantee payment. Any estimate, payment, authorization or settlement must be approved by the Insurance Company, who has the sole authority to make any claim decisions.*



**Winslow Adjusting, LLC**

Winslow Adjusting, LLC
96 W. Ash Street
Unit #96
Mason, Mi 48854

### Summary for Dwelling

| | |
|---|---:|
| Line Item Total | 156,996.56 |
| Material Sales Tax | 2,885.24 |
| Subtotal | 159,881.80 |
| Overhead | 15,988.59 |
| Profit | 15,988.59 |
| **Replacement Cost Value** | **$191,858.98** |
| Less Amount Over Limit(s) | (29,244.98) |
| **Net Claim** | **$162,614.00** |

Troy  Winslow

WA195303-DEBOEF                                        4/16/2019          Page: 29

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*
 **State Farm®**

August 20, 2019

EXHIBIT # _2_

Winslow Adjusting Llc
144 W Ash St Unit 96
Mason MI  48854-6503

State Farm Claims
PO Box 106169
Atlanta GA 30348-6169

RE:   Claim Number:   22-6005-F06
      Date of Loss:    October 2, 2018
      Our Insured:     James Deboef
      Policy Number:   22C5V2890

To Whom It May Concern:

This letter is in response to your communication dated July 24, 2019.

We are writing to formally reject the structural proof of loss that accompanied your communication, as it includes property not damaged by the loss, and items not required to be completed as part of the covered repairs.

We also reject the Additional Living Expense proof of loss which requested additional coverage beyond June 3, 2019. We previously agreed to consider expenses under the Additional Living Expense coverage through June 3, 2019, which represented a reasonable period of time for the covered repairs to be completed. To date, we have not been provided any information that repairs have begun at the loss location.

We accept the supplemental content submission that was presented, and are currently completing our review of those items. We will be in contact once our review and processing is complete to discuss the amounts payable for this portion of the claim.

Lastly, your July 24, 2019 communication sought additional mileage for a period of time for Mr. Deboef to care for his animals. Please provide additional details on the location of the animals during this time, and how you arrived at the duration of 210 days for this request. Once we have received this additional information, we will provide additional consideration to this request.

If you have questions or need assistance, call us at (844) 458-4300 Ext. 2539481489.

22-6005-F06
Page 2
August 20, 2019


Sincerely,


Josh Terry, CPCU, ChFC, AIC
Team Manager
(844) 458-4300  Ext. 2539481489

State Farm Fire and Casualty Company

EXHIBIT # 3



State Farm Fire and Casualty Company

November 5, 2019

WINSLOW ADJUSTING LLC
144 W ASH ST UNIT 96
MASON, MI 48854-6503

State Farm Insurance Companies
Fire Claims
PO BOX 106169
Atlanta, GA 30348-6169
Fax 844 236 3646

RE:   Claim Number:  22-6005-F06
       Policy Number:  22-C5-V289-0
       Date of Loss:    October 2, 2018

Dear Troy Winslow:

We acknowledge receipt of your letter of October 28, 2019, requesting Appraisal.

We reviewed your estimate of July 24, 2018 and, as stated in our August 20, 2019 response letter, disagree that all items in the estimate were the result of the occurrence on Oct ober 2, 2018. The estimate you presented included items not damaged by the loss, as well as scope of repair that is not necessary or required as a result of the damages.

Some of the items in the estimate we disagree on include, but are not limited to: th e scope of repair listed for the roof and exterior as there was no accidental direct physical loss to these areas; the scope of repair listed for the attic; the scope of repair to replace kitchen countertops, cabinets, and built-in appliances; the removal and replacement of drywall on the ceilings and walls in areas other than the master bedroom and first bedroom. In summary, we do not agree on the scope of damage or the applicable coverage related to the claim on the date of loss.

We respectfully decline your request for Appraisal because Appraisal is not the appropriate remedy to resolve scope and coverage issues.

The Homeowners policy states in pertinent part:

**SECTION I - LOSSES INSURED**

**COVERAGE A - DWELLING**

We insure for accidental direct physical loss to the property described in Coverage A, except as provided in **SECTION I - LOSSES NOT INSURED**.

WINSLOW ADJUSTING LLC
22-6005-F06
Page 2
November 5, 2019

## SECTION I – CONDITIONS

4. **Appraisal.** If *you* and *we* fail to agree on the amount of loss, either party can demand that the amount of the loss be set by appraisal. Only *you* or *we* may demand appraisal. A demand for appraisal must be in writing. **You** must comply with **SECTION I – CONDITIONS, Your Duties After Loss** before making a demand for appraisal. At least 10 days before demanding appraisal, the party seeking appraisal must provide the other party with written, itemized documentation of a specific dispute as to the amount of the loss, identifying separately each item being disputed.

   a. Each party will select a competent, independent appraiser and notify the other party of the appraiser's identity within 20 days of receipt of the written demand for appraisal.

   b. The appraisers will then attempt to set the amount of the loss of each item in dispute as specified by each party, and jointly submit to each party a written report of agreement signed by them. In all instances the written report of agreement will be itemized and state separately the *actual cash value*, replacement cost, and if applicable, the market value of each item in dispute.

      The written report of agreement will set the amount of the loss of each item in dispute and will be binding upon *you* and *us*.

   c. If the two appraisers fail to agree upon the amount of the loss within 30 days, unless the period of time is extended by mutual agreement, they will select a competent, impartial umpire and will submit their differences to the umpire. If the appraisers are unable to agree upon an umpire within 15 days:

      (1) *you* or *we* may make a written application for a judge of the circuit court in the same state and county (or city if the city is not within a county) in which the loss occurred or where the *residence premises* is located to select an umpire;

      (2) the party requesting the selection described in item c.(1) must provide the other party:

         (a) written notice of the intent to file,  identifying the specific location and identity of the court at least 10 days prior to submission of the written application;  and

         (b) a copy of the written application; and

      (3) a written report of agreement, as required in item b., signed by any two (appraisers or appraiser and umpire) will set the amount of the loss of each item in dispute and will be binding upon *you* and *us*. In all instances the written report of agreement will be itemized and state separately the *actual cash value*, replacement cost, and if applicable, the market value of each item in dispute.

   d. To qualify as an appraiser or umpire for a loss to property described in **COVERAGE A – DWELLING**, a person must be one of the following and be licensed or certified as required by the applicable jurisdiction:

      (1) an engineer or architect with experience and training in building construction, repair, estimating, or investigation of the type of property damage in dispute;

      (2) an adjuster or public adjuster with experience and training in estimating the type of property damage in dispute; or

      (3) a contractor with experience and training in the construction, repair, and estimating of the type of property damage in dispute.

WINSLOW ADJUSTING LLC
22-6005-F06
Page 3
November 5, 2019

    e.  A person may not serve as an appraiser or umpire if that person, any employee of that person, that person's employer, or any employee of their employer:

        (1) has performed services for either party with respect to the claim at issue in the appraisal; or

        (2) has a financial interest in the outcome of the claim at issue in the appraisal.

    f.  Each party will be responsible for the compensation of their selected appraiser. Reasonable expenses of the appraisal and the reasonable compensation of the umpire will be paid equally by **you** and **us**.

    g.  **You** and **we** do not waive any rights by demanding or submitting to an appraisal, and retain all contractual rights to determine if coverage applies to each item in dispute.

    h.  Appraisal is only available to determine the amount of the loss of each item in dispute. The appraisers and the umpire have no authority to decide:

        (1) any other questions of fact;

        (2) questions of law;

        (3) questions of coverage;

        (4) other contractual issues; or

        (5) to conduct appraisal on a class-wide basis.

    i.  Appraisal is a non-judicial proceeding and does not provide for or require arbitration. Neither party will be awarded attorney fees. The appraisal award may not be entered as a judgment in a court.

    j.  A party may not demand appraisal after that party brings suit or action against the other party relating to the amount of loss.

6.  **Suit Against Us.**  No action will be brought against **us** unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage. The time for commencing an action is tolled from the time **you** notify **us** of the loss until **we** formally deny liability.

We do not waive any applicable policy provisions, conditions or exclusions as those will be considered when determining the amount payable on this claim. Payments issued for covered damage will be made in accordance with the policy's loss settlement provisions.

If you have any questions regarding the denial of the appraisal or the status of your claim please contact Claim Specialist Vicki Heck at (844) 458-4300 ext. 3099942224.

WINSLOW ADJUSTING LLC
22-6005-F06
Page 4
November 5, 2019


Sincerely,


Josh Terry, CPCU, ChFC, AIC
Claim Team Manager
State Farm & Casualty Company
M: 269-532-6273

Wistrom Law, PLLC
1 E. Apple Avenue, Suite C
Muskegon, MI 49442

U.S. POSTAGE PAID
FCM LG ENV
MUSKEGON, MI
49440
AUG 10, 20
AMOUNT

**$13.25**

R2306Y152429-27



CERTIFIED MAIL®

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7019 1640 0001 3611 0310

1000

48823

RESTRICTED
DELIVERY

Resident Agent
CSC-Lawyers Incorporating Service Company
601 Abbot Road
East Lansing, MI  48823

By certified mail